[626 NYS2d 969]

In the Matter of EUGENE NATALE (Admitted as EUGENE V. NATALE), an Attorney, Resignor.

Second Department, May 1, 1995

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* of counsel), for Grievance Committee for the Tenth Judicial District.

*Eugene Natale,* resignor *pro se.*

## OPINION OF THE COURT

Per Curiam.

Eugene Natale has submitted an affidavit, dated February 8, 1995, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Natale was admitted

to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department, on February 11, 1975, under the name Eugene V. Natale.

Mr. Natale acknowledges that evidence of professional misconduct on his part has been adduced by the Grievance Committee's ongoing investigation. He notes that he has voluntarily disclosed to the Grievance Committee the defalcations regarding his escrow account and has voluntarily agreed to execute his resignation notwithstanding the absence of any formal pending charges at this time. Mr. Natale further acknowledges that if charges were predicated upon the professional misconduct under investigation, he would be unable to successfully defend himself on the merits against such charges.

Mr. Natale's proffered resignation expressly indicates that this Court may require, in any order permitting him to resign, that he make monetary restitution to any persons whose money or property was misappropriated or misapplied by him or that he reimburse the New York Lawyers' Fund for Client Protection for the same, pursuant to Judiciary Law § 90 (6-a). Mr. Natale recognizes that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Natale indicates that he is tendering his resignation freely and voluntarily, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation.

Counsel for the Grievance Committee urges acceptance of the proffered resignation subject to an agreement whereby he assigned his fee interest and the interest of Herman & Natale, P. C. in and to approximately 132 negligence cases to the law firm of Beck, Rubin & Licatesi. Pursuant to the assignment agreement executed in February 1995, the successor firm would forward 40% of the total fee on the former cases of Herman & Natale, P. C. to the Lawyers' Fund for Client Protection to be disbursed to the former clients of Herman & Natale, except where there has been a referring attorney. By its terms, the agreement would remain in effect until the Trustees of the Lawyers' Fund for Client Protection have finally determined all applications for reimbursement by clients of Herman & Natale, P. C.

Under the circumstances, the resignation of Eugene Natale as a member of the Bar is accepted and directed to be filed. Accordingly, Eugene Natale is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately. Fred Miller, Esq., the Executive Director of the Lawyers' Fund for Client Protection, and the Trustees of the Fund are authorized to take all necessary steps to enforce the assignment agreement executed by Mr. Natale and the successor firm and secure restitution to former clients whose money or property have been misappropriated by the respondent.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and THOMPSON, JJ., concur.

Ordered that the resignation of Eugene Natale is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Eugene Natale is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Eugene Natale shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Eugene Natale is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Eugene Natale is directed to make restitution in the amount set forth on behalf of the following party whose money or property was willfully misappropriated or misapplied, less the amount of any awards to that person by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication: Christine Castello $533,000

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client

Protection of the State of New York in accordance with the assignment agreement executed by the respondent on February 18, 1995, for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.